UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NATALIE YOUNG,
*Successor in Interest, estate of*
*James Weatherly*

                **Plaintiff,**           Civil Action 2:26-cv-174
                                          Judge Michael H. Watson
      v.                        Magistrate Judge Chelsey M. Vascura

SERVBANK, *et al.*,

                **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Natalie Young, sues Defendants, Servbank and Lakeview Loan Servicing, LLC, for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"), among other statutes and regulations, arising from a mortgage loan on a property that Plaintiff inherited. This matter is before the Court for the initial screen of Plaintiff's Amended Complaint (ECF No. 4) under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, Plaintiff **MAY PROCEED** on Counts 1 (violation of RESPA § 2605(e)) and 2 (violation of Regulation X, 12 C.F.R. § 1024.35) against Servbank, but the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's remaining claims under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

## I.    BACKGROUND

This action concerns a mortgage loan held by Defendant Servbank as of December 15, 2025. Plaintiff's connection to the mortgage loan is not entirely clear; the captions of the original and Amended Complaints refer to Plaintiff as the "successor in interest" to or on behalf of the "estate of James Weatherly," who presumably was the original mortgagor. Plaintiff also alleges that she is "the confirmed Successor in Interest to the mortgage loan" and refers to a "transfer after inheritance" (Am. Compl. ¶¶ 4, 22–25, ECF No. 4.) Plaintiff alleges that she submitted a Qualified Written Request ("QWR") to Servbank on December 15, 2025, disputing the accuracy of several aspects of the mortgage account. According to correspondence attached to Plaintiff's Renewed Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 10), Servbank received the QWR on December 23, 2025, and sent an acknowledgement to Plaintiff on December 26, 2025, stating that Servbank would review Plaintiff's account and respond within 30 business days of receiving the QWR. (Dec. 26, 2025 Letter, ECF No. 10, PAGEID #67.) On January 22, 2026, Servbank wrote to Plaintiff again, stating that it had made diligent efforts to investigate the QWR, but required more time to complete its investigation. Servbank represented that it would respond by February 12, 2026. (*Id.* at PAGEID #72.) No further correspondence from Servbank related to the QWR is in the record, but Plaintiff alleges that Servbank's eventual response failed to reflect a reasonable investigation, "was a narrative referencing unrelated 2024 complaints, loss mitigation, and insurance cancellation claims, ignoring the specific errors (mathematical delinquency calculation, suspense reconciliation, escrow allocation)," and that Servbank "asserted delinquency and continued collection foreclosure and threats." (Am. Compl. ¶ 8–9, 11, ECF No. 4.)

In the meantime, Servbank sent a Notice of Mortgage Servicing Transfer to Plaintiff on January 13, 2026, informing her that the servicing of the mortgage loan was scheduled to be

transferred to Loancare, LLC, on behalf of Defendant Lakeview Loan Servicing, LLC, effective February 3, 2026. (*Id.* at PAGEID #52.)

Plaintiff commenced this action on February 13, 2026. (ECF No. 1.) On February 17, 2026, she amended her Complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1). (ECF No. 4.) The Amended Complaint is identical to the original Complaint, except that Plaintiff added Lakeview Loan Servicing, LLC, as a Defendant. Neither the original nor Amended Complaints contain any factual allegations regarding Lakeview. Because all references to "Defendant" in the original Complaint referred to Servbank, and because the Amended Complaint makes no changes to the body of the pleading, the Court construes the Amended Complaint's references to "Defendant" as continued references to Servbank only.

Plaintiff's Amended Complaint thus contains five counts against Servbank: (1) violation of RESPA (12 U.S.C. § 2605(e)), (2) violation of Regulation X (12 C.F.R. § 1024.35), (3) refusal to process lawful VA unrestricted transfer after inheritance (38 U.S.C. § 3714; VA regulations), (4) advancing foreclosure activity during pending RESPA dispute (12 U.S.C. § 2605; 12 C.F.R. §§ 1024.35, 1024.38), and (5) improper suspense accounting & payment obstruction (12 C.F.R. § 1024.35).

As relief, Plaintiff seeks money damages and a "preliminary injunction halting foreclosure if imminent," the latter of which is the subject of a separate pending Renewed Motion for Temporary Restraining Order and Preliminary Injunction (the "renewed motion," ECF No. 10). In that renewed motion, Plaintiff includes, for the first time, allegations relating to Defendant Lakeview. Plaintiff alleges that Lakeview issued inconsistent and confusing communications as to the status of her loss mitigation application, violating 12 C.F.R. §§ 1024.41(b)(2)(i)(B) and (c)(2)(iv). (*Id.* at ¶¶ 3–15, 18–19.) Plaintiff also alleges that both

3

Servbank and Lakeview demanded payment for February 2026 after the date of the loan transfer to Lakeview in violation of 12 U.S.C. § 2605(c) and 12 C.F.R. § 1024.33. In an effort to liberally construe Plaintiff's allegations, the undersigned considers the allegations in Plaintiff's renewed motion to be part of Plaintiff's Amended Complaint.

## II.  STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

4

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.    ANALYSIS

#### A.    Claims against Servbank

Plaintiff may proceed on Count 1 for violation of RESPA (12 U.S.C. § 2605(e)), arising from Servbank's alleged failure to timely respond to her QWR, and Count 2 for violation of

Regulation X (12 C.F.R. § 1024.35) arising from Servbank's alleged misapplication of payments, improper escrow and suspense handling, and failure to correct errors after notice. But Plaintiff's remaining claims against Servbank must be dismissed.

Plaintiff's Count 3 is brought under 38 U.S.C. § 3714 and unspecified "VA Regulations." Section 3714 governs housing loan benefits for veterans. Plaintiff has not alleged that either she or Mr. Weatherly are veterans. Nor has she alleged that the other requirements of § 3714 (*e.g.*, that the mortgage loan was one made under Chapter 37 of Title 38 of the United States Code, or that the holder of the loan was notified before the property was transferred) were satisfied. Plaintiff therefore has not alleged facts on which the Court could rely to conclude that 38 U.S.C. § 3714 applies to these facts. Similarly, as to any unspecified "VA Regulations," the Court presumes that "VA" in this case stands for "Veterans Affairs." Presumably either Plaintiff or Mr. Weatherly would have to be a veteran before any VA-related regulations would apply to Plaintiff's situation. Because there are no allegations that either Plaintiff or Mr. Weatherly are veterans, Plaintiff's Count 3 must be dismissed.

Count 4 is premised on Servbank's "advancing foreclosure activity during a pending RESPA dispute" in violation of 12 U.S.C. § 2605 and 12 C.F.R. §§ 1024.35, 1024.38. But none of these provisions contain a prohibition on advancing foreclosure activity. Indeed, Regulation X expressly says that nothing in that regulation prevents a lender from moving forward with foreclosure. 12 C.F.R. § 1024.35(i)(2). Exceptions to that provision exist only if the lender or loan servicer has made the first notice or filing required to commence foreclosure, or has moved for a foreclosure judgment or order of sale. *See id.*, § 1024.35(b)(9)–(10). Here, plaintiff alleges only that Servbank "threatened" foreclosure and created an "increased foreclosure risk." As

6

Plaintiff's allegations do not suggest that Servbank ran afoul of the relevant provisions, Plaintiff's Count 4 must be dismissed.

Count 5 alleges that Servbank engaged in improper suspense accounting and payment obstruction in violation of  12 C.F.R. § 1024.35. This Count is largely redundant with Count 2 (alleging misapplication of payments, improper escrow/suspense handling, and failure to correct errors after notice in violation of 12 C.F.R. § 1024.35), on which the Court has already permitted Plaintiff to proceed. The only portion of Count 5 that may not be encompassed within Count 2 is Plaintiff's allegations of "telephone harassment" (*see* Am. Compl. ¶ 31, ECF No. 4); but nothing in § 1024.35 governs telephone conduct or harassment and Plaintiff's allegations in that vein do not establish any regulatory violation. Count 5 must therefore be dismissed.

Finally, Plaintiff's renewed motion alleges that Servbank improperly demanded payment for February 2026 after the loan's servicing was transferred to Lakeview. But the exhibit on which Plaintiff relies for this claim, which Plaintiff characterizes as a "January 13, 2026 Servbank Notice of Mortgage Servicing Transfer effective February 3, 2026 and demand for payment" (Renewed Motion 8, ECF No. 10) states only that *if* Plaintiff's next payment is due prior to the transfer date, it is important to make her payment as soon as possible, and that "Servbank will continue to collect payments *until February 2, 2026*"—that is, Servbank would continue to collect payments only until the transfer to Lakeview was complete. (*Id.* at PAGEID #52) (emphasis added). "The general rule is that if inconsistent with the allegations of the complaint, the exhibit controls." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 441 (6th Cir. 2012) (cleaned up). Thus, Plaintiff's Amended Complaint fails to reflect any improper collection attempt by Servbank.

**B.** **Claims against Lakeview**

The allegations in Plaintiff's renewed motion fail to state a claim against Lakeview on which relief can be granted. First, Plaintiff alleges that Lakeview issued inconsistent and confusing communications as to the status of her loss mitigation application, violating 12 C.F.R. §§ 1024.41(b)(2)(i)(B) and (c)(2)(iv) of Regulation X (Renewed Motion, ¶¶ 3–15, 18–19, ECF No. 10.) But the correspondence attached to Plaintiff's renewed motion reflects that Lakeview properly notified Plaintiff that her loss mitigation application was complete as of February 13, 2026, and properly requested additional probate documentation on February 23, 2026. *See* 12 C.F.R. § 1024.41(c)(2)(iv) (permitting a servicer to promptly request additional information if, after notifying the borrower that the loss mitigation application is complete, the lender discovers that additional information is required to complete the application); *see also Carrier Corp.*, 673 F.3d at 441 (exhibit controls over inconsistent factual allegations). Plaintiff's allegations as to Lakeview's loss mitigation communications therefore fail to establish a violation of Regulation X.

Plaintiff also alleges that Lakeview's February 13, 2026 initial confirmation that the application for Loss Mitigation was complete triggered protections under 12 CFR § 1024.41(f)(2). Plaintiff is correct on this point, but there are no allegations that those protections (*i.e.*, preventing Lakeview from commencing foreclosure proceedings) have not been afforded to Plaintiff.

Finally, Plaintiff also alleges that both Servbank and Lakeview demanded payment for February 2026 after the date of the loan transfer to Lakeview in violation of 12 U.S.C. § 2605(c) and 12 C.F.R. § 1024.33. Even if true, any double collection violation would not be attributable to Lakeview, who was the servicer of record after the transfer, and who was entitled to collect monthly payments at that time.

## IV.     DISPOSITION

Plaintiff **MAY PROCEED** on Count 1 for violation of RESPA (12 U.S.C. § 2605(e)), arising from Servbank's alleged failure to timely respond to her QWR, and Count 2 for violation of Regulation X (12 C.F.R. § 1024.35) arising from Servbank's alleged misapplication of payments, improper escrow and suspense handling, and failure to correct errors after notice. For the reasons above, it is **RECOMMENDED** that Plaintiff's remaining claims against Servbank and Lakeview be **DISMISSED** under 28 U.S.C. § 1915(e) for failure to state a claim on which relief can be granted.

The Court's records reflect that Plaintiff submitted service copies of the Amended Complaint, summons forms, and United States Marshal service forms to the Clerk of Court on February 25, 2026. The Clerk is **DIRECTED** to issue the summons to Defendant Servbank only, and the United States Marshal is **DIRECTED** to serve by certified mail, upon Defendant Servbank only, the issued summons, a copy of the Amended Complaint, and a copy of this Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

9

further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE