UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Natalie Young,
*Successor in interest*
*Estate of James Weatherly*,

      Plaintiff,

      v.

Servbank, *et al.*,

      Defendants.

Case No. 2:26-cv-174

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

The Magistrate Judge performed an initial screen of the Amended
Complaint in this case pursuant to 28 U.S.C. § 1915(e)(2) and issued a Report
and Recommendation ("R&R").  R&R, ECF No. 12.  The R&R recommends
permitting Plaintiff to proceed on her claims against Defendant Servbank for (1) a
violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C.
§ 2605(e), based on Servbank's alleged failure to timely respond to her Qualified
Written Request (Count 1); and (2) a violation of Regulation X, 12 C.F.R.
§ 1024.35, based on Servbank's alleged misapplication of payments, improper
escrow and suspense handling, payment obstruction, and failure to correct errors
after notice (Count 2).  *Id.* at 1, 5–6.  It recommends dismissing all other counts
for failure to state a claim.  *Id.*

Regarding Plaintiff's claim under 38 U.S.C. § 3714 (Count 3), the R&R
recommends finding that Plaintiff failed to allege that either she or the

presumptive original mortgagor (perhaps a "James Weatherly") were veterans or that the other requirements for a claim under that statute were satisfied. *Id.* at 6.

Plaintiff's claim under 12 U.S.C. § 2605 and 12 C.F.R. §§ 1024.35 and 1024.38 based on foreclosure activity (Count 4) fails, the R&R recommends, because those provisions do not prohibit all foreclosure activity. *Id.* Rather, the R&R notes, those provisions contain exceptions only in situations that Plaintiff has not alleged. *Id.*

The R&R construes Plaintiff's claim under 12 C.F.R. § 1024.35 based on alleged improper suspense accounting and payment obstruction (Count 5) as largely duplicative of Count 2, which survives the initial screen. *Id.* at 7. The sole exception is to the extent that Count 5 encompasses a theory of violation based on telephone harassment; the R&R recommends dismissing any such iteration of the claim because nothing in § 1024.35 governs telephone conduct or harassment. *Id.*

Finally, the R&R recommends dismissing any claim against Servbank for improper demand of payment (Count 6) because any such claim is inconsistent with the exhibits Plaintiff provided. *Id.*

Because the Amended Complaint contained no factual allegations against Defendant Lakeview Loan Servicing, LLC ("Lakeview") but the renewed motion for a temporary restraining order, ECF No. 10, did, the R&R considered those allegations as part of Plaintiff's Amended Complaint for purposes of the initial

screen.  Nonetheless, the R&R recommends dismissing any claim against Lakeview for failure to state a claim.  R&R 8, ECF No. 12.

The R&R notified Plaintiff of her right to object to the recommendations contained therein and of the consequences of failing to do so.  *Id.* at 9–10.

Plaintiff objected, ECF No. 14, and filed a "supplement," ECF No. 15, which purports to "clarify" that Lakeview is not a named Defendant in the case.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R to which Plaintiff properly objected.

As an initial matter, Plaintiff's supplement does not change her Amended Complaint.  The Amended Complaint explicitly lists Lakeview as a Defendant in the case and literally states that it "add[s] new defendant, Lakeview Loan Servicing, LLC." Am. Compl. 1–2, ECF No. 4.  Plaintiff's contention that Lakeview is not a Defendant is therefore specious.

However, Plaintiff does not object to the R&R's recommendation that the Amended Complaint does not state a claim against Lakeview and that any claim against Lakeview should therefore be dismissed.  So, the Court considers that aspect of the R&R as unopposed, **ADOPTS** it without conducting a *de novo* review, and **DISMISSES WITHOUT PREJUDICE** all claims against Lakeview for failure to state a claim.

Regarding Servbank, Plaintiff lodges three arguments on objection.

First, Plaintiff argues that Count 3 should proceed because "any missing detail" is attributable to Servbank's incomplete or inaccurate loan servicing records.  Obj. 1–2, ECF No. 14.

This objection lacks merit.  The R&R properly focused on the sufficiency of the allegations in the Amended Complaint, which does not depend on the accuracy of Servbank's records.

Moreover, the plain terms of § 3714 apply only to the disposition "of residential property securing a loan guaranteed, insured, or made under this chapter[.]"  38 U.S.C. § 3714(a)(1).  The Amended Complaint, however, alleges only that "VA loans permit unrestricted transfers after inheritance without approval or obstruction" and that Servbank refused to process "the lawful transfer[.]"  Am. Compl. ¶¶ 23–24, ECF No. 4.  It does not allege that the at-issue property secured a Chapter 37 loan or that Servbank was the holder of said Chapter 37 loan, *see generally id.*, so it does not allege that § 3714 applies to any transfer here.

Finally, the Amended Complaint does not even describe what "lawful transfer" Servbank allegedly "refused to process."  Section 3714(a)(1) does not, by its plain terms, require the holder of a loan (let alone the holder of a mortgage on a property that secures a Rule 37 loan, to the extent that the Rule 37 loan is not the mortgage) to "process a transfer."  Rather, it states that "the application for assumption shall be approved if the holder determines that . . . ."
§ 3714(a)(1).  But the Amended Complaint fails to allege that Servbank did not

approve an "application for assumption" pursuant to the requirements in § 3714. Nor does the Amended Complaint specify any other obligation under § 3714 that Servbank failed to perform under that section.

Without even those barest of allegations, the Amended Complaint fails to state a claim for violation of § 3714.

Plaintiff next contends that the R&R's recommendation as to Count 4 is irrelevant because the Magistrate Judge misconstrued the basis of that claim as Servbank's advancement of foreclosure activities.  Obj. 2–3, ECF No. 14. Rather, Plaintiff contends, Count 4 is based on the fact that Servbank "blocked Plaintiff's portal access and prevented review of account activity, interfering with Plaintiff's ability to verify payments and dispute errors during the pendency of a Qualified Written Request and continued to call everyday 4 times a day, on different phone lines without clarifying the disputes to harass the Plaintiff." *Id.*

To the contrary, the Amended Complaint's Count 4 is titled "ADVANCING FORECLOSURE ACTIVITY DURING PENDING RESPA DISPUTE[.]"  Am. Compl. 6, ECF No. 4 (emphasis in original).  In that Count, Plaintiff expressly alleges that Servbank "advanced foreclosure threats/activity while unresolved servicing errors . . . remained pending . . . ." *Id.* ¶ 27.  "Increased risk of foreclosure" is specified as one of the harms from said alleged violation.  *Id.* ¶ 28. The Magistrate Judge therefore did not misconstrue Count 4, and Plaintiff's objection on that score lacks merit.

Finally, Plaintiff argues that Count 5 is not redundant to Count 2 because it alleges that Servbank committed separate errors.  Obj. 2–3, ECF No. 14. Specifically, she contends, Count 2 alleges that Servbank misapplied payments and failed to correct errors, while Count 5 alleges that Servbank obstructed account access and presented inconsistent or obscured account records.  *Id.*

But both Counts 2 and Count 5 allege violations of 12 C.F.R. § 1024.35, and the R&R permits almost all alleged violations of that provision to proceed past the initial screen.  In essence, then, the R&R merely recommends dismissal of Count 5 to the extent that it is unnecessarily pleaded as a separate count.

The only theory of liability under § 1024.35 that the R&R recommends dismissing on initial screen is a theory that Servbank violated that regulation by engaging in telephone harassment, R&R 7, ECF No. 12, which Plaintiff appears to agree was not intended as a theory of violation, Obj. 3, ECF No. 14 ("The harassment allegations are contextualized as interference, not an FDCPA violation which ended with a Cease-and-Desist letter to the Defendants." (citing Exhibit B)).

Because the R&R permits Plaintiff to proceed on her § 1024.35 claim— under all pleaded theories except for telephone harassment—the objection is moot.  There is no need to maintain Count 5 as a duplicate § 1024.35 claim; instead, Count 2 encompasses *all* of Plaintiff's available theories of liability under § 1024.35 (except telephone harassment).

For the above reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R.  Therefore, the Court **DISMISSES WITHOUT PREJUDICE** all claims against Lakeview.  It also **DISMISSES WITHOUT PREJUDICE** Counts 3, 4, and 5 (because the viable theories of relief in Count 5 survive in Count 2).  Only Count 1 and Count 2 remain, and they remain against only Servbank.

Moreover, the renewed motion for a temporary restraining order, ECF No. 10, is **DENIED**.  Again, Plaintiff seeks no injunctive relief against Servbank.  Rather, the injunctive relief she seeks is against Lakeview, but she has not stated a claim against Lakeview.  Furthermore, there is no adequate allegation of impending foreclosure that would warrant immediate injunctive relief.

In closing, the Court finds this case suitable for early mediation if Lakeview is willing to participate in mediation notwithstanding its dismissal from the case without prejudice and if Servbank is successfully served.  If any party desires to engage in mediation by the Undersigned, the Magistrate Judge, or a member of the Undersigned's staff, they shall file a Notice on the docket so indicating.  Alternatively, the Court strongly encourages Plaintiff to obtain counsel for the remainder of litigation.

The Clerk shall terminate ECF Nos. 10 and 12 as pending motions.

**IT IS SO ORDERED.**

_____
M/CHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT